UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMMY KINNER,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>DIRECTOR IDAHO IDOC, IDAHO ATTORNY GENERAL,<br><br>　　　　　　Respondents. | Case No. 1:24-CV-00592-DKG<br><br>**INITIAL REVIEW ORDER** |

　　　　Petitioner Timmy Kinner (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his Idaho state court conviction, but has not paid the filing fee. Dkt. 1. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Petitioner is incarcerated for an Idaho conviction under authority of the Idaho Department of Correction (IDOC), which has placed him in physical custody of the Florida state prison system; hence, the IDOC Director and Idaho Attorney General are proper respondents.

　　　　The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and

**INITIAL REVIEW ORDER - 1**

any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rules Governing § 2254 Cases, Rule 4.

Having reviewed the Petition, the Court concludes that Petitioner must take financial responsibility for the filing fee in this case, and then he may proceed to the next stage of litigation in this matter.

## REVIEW OF PETITION

1. Background

Petitioner was convicted of first degree murder and sentenced to life without parole in the Fourth Judicial District Court in Ada County, Idaho.[1] An order of restitution and judgment of conviction were entered in 2021. He states that he may have been convicted of other charges at the same time, but he is unsure. He also does not recall whether he filed a direct appeal or any post-conviction actions. *See* Dkt. 1 at 1-5.

2. Discussion

In the Petition for Writ of Habeas Corpus, Petitioner brings three cognizable claims: a Sixth Amendment ineffective assistance of trial counsel claim, a Fifth Amendment right to remain silent claim, and a Fourteenth Amendment due process claim. To the extent that Petitioner has properly presented these claims to the Idaho Supreme Court and has properly presented them here, he may proceed.

---

[1] *See* https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/132119 (search: Timmy Kinner; accessed 12/16/2024).

**INITIAL REVIEW ORDER - 2**

Plaintiff's fourth claim does not state a cognizable habeas corpus claim—that his counsel coerced him into dismissing a post-conviction claim, and that he had no access to courts to pursue post-conviction relief due to prison lock-downs over the past three years. But Petitioner may raise these issues as grounds to excuse procedural default or untimeliness in the next stage of proceedings, if Respondents raise those defenses.

Petitioner also gives notice that he is engaged in a hunger strike in the Florida prison where he resides, because he believes his due process, freedom of religion, and access to the courts rights are being violated. Dkt. 1 at 8. Petitioner has written "imminent danger" across the top of page one of his Petition. These claims do not appear to support his assertion that he was wrongfully convicted or sentenced; therefore, they cannot be asserted in a habeas corpus action.

These claims may be grounds for a separate civil rights action if Petitioner has exhausted them through the prison's grievance system. *See* 42 U.S.C. § 1997e(a). If Petitioner is under imminent danger, the quickest route to relief is through the prison grievance system. If that avenue is unsuccessful, he may file a civil rights action in the state or federal court that has personal jurisdiction over the prison officials responsible for the alleged violations. If only Florida prison officials are involved, this Court may not have personal jurisdiction over them; in addition, venue may be improper.[2]

---

[2] Title 28 U.S.C. § 1391, governing venue, provides: "A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to

**INITIAL REVIEW ORDER - 3**

3. **Conclusion**

As to Petitioner's first three cognizable claims, it is unclear whether he has properly exhausted his federal habeas corpus claims in the state court system and whether the claims are timely. The Court does not have the full record before it to make a determination on these procedural matters. Petitioner may proceed, provided that he takes financial responsibility for the filing of this case. The Court will order the Clerk of Court to serve the Petition upon Respondents, who will be permitted to file an answer or a pre-answer motion for summary dismissal.

## ORDER

**IT IS ORDERED:**

1. Petitioner must pay the filing fee of $5.00 or submit an in forma pauperis application and prison trust account statement if he desires to proceed. If the Clerk of Court does not receive the fee or the application and statement from Petitioner within **30 days after entry of this Order**, this case will be dismissed without prejudice without further notice.

2. Petitioner is given notice that his hunger strike and civil rights claims that do not address the propriety of his conviction and sentence cannot be adjudicated in this action. The Clerk of Court shall provide Petitioner with a copy of the civil rights

---

the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

**INITIAL REVIEW ORDER - 4**

complaint form with his copy of this Order (he may alter the heading if he is going to file it in a different court). Petitioner is advised that he must exhaust his administrative remedies through the prison grievance system before filing a civil rights lawsuit, and the lawsuit must be filed in a state or federal court that has personal jurisdiction over the defendants.

3. The Clerk of Court shall serve (via ECF) a copy of the Petition and attachments (Dkt. 1), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

4. If Petitioner pays the filing fee or submits an in forma pauperis application and prison trust account statement within 30 days after entry of this Order, then, within **120 days after payment of the fee or submission of the financial documents**, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record

previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or

**INITIAL REVIEW ORDER - 6**

filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

**INITIAL REVIEW ORDER - 7**

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: December 19, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge