UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMMY KINNER, | |
| Petitioner, | Case No. 1:24-CV-00592-DKG |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| DIRECTOR IDAHO D.O.C., IDAHO ATTORNY GENERAL, | |
| Respondents. | |

Pending before the Court is Respondents' Motion for Summary Dismissal of the Petition for Writ of Habeas Corpus filed by Timmy Kinner (Petitioner). Dkt. 16. Petitioner has not filed a response, because the Court notified him that it would set a new deadline for doing so after Respondents provided documentation requested by the Court. Dkt. 25. After reviewing Respondent's filings and new documents (Dkts. 26, 27, 28, 29), the Court concludes that it will deny the Motion for Summary Dismissal without prejudice and stay this case pending Petitioner's attempt to pursue his outstanding post-conviction petition in state court.

### FURTHER REVIEW OF PETITIONER'S CLAIMS

Upon initial review of this case, the Court construed the pro se Petition as raising three claims: (1) a Sixth Amendment ineffective assistance of trial counsel claim; (2) a

**MEMORANDUM DECISION AND ORDER - 1**

Fifth Amendment right to remain silent claim; and (3) a Fourteenth Amendment due process claim. Dkt. 4 at 2.

The Court previously construed Petitioner's fourth claim as a noncognizable claim that post-conviction counsel forced him to withdraw his petition or appeal. However, now that the Court has reviewed the state court record, it seems that this claim is that his direct appeal counsel forced him to withdraw his direct appeal, which is a cognizable but procedurally defaulted claim (unless he is able to adjudicate it in his outstanding post-conviction matter).

The Fourteenth Amendment claim is unclear. Within 21 days, Petitioner must file a supplement to his Petition clarifying the "who, what, where, when, why, and how" of the Fourteenth Amendment claim. For example, does Petitioner believe he was involuntarily medicated during pretrial proceedings, and it affected the voluntariness of his plea? Or did the involuntary medication occur after he was convicted? Further explanation on the remainder of his allegations supporting his due process claim is needed. After the filing of the supplement, this case will be stayed.

## REVIEW OF SUMMARY DISMISSAL MOTION

### 1. Standards of Law

Petitioner's challenge to his state court criminal judgment is governed by Title 28 U.S.C.§ 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This statute requires a federal habeas corpus petition to be filed within

**MEMORANDUM DECISION AND ORDER - 2**

one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common trigger is the first one, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Courts generally have held that, when a petitioner voluntarily dismisses an appeal, further direct review (including request for a writ of certiorari by the United States Supreme Court) is impossible; therefore, the federal statute of limitations begins to run on the date of voluntary dismissal. *Harris v. Hutchinson,* 209 F.3d 325 (4th Cir. 2000) ("Because the petitioner did not complete his direct appeal, the ninety days for seeking certiorari from the United States Supreme Court is not included, as there would not be any viable judgment for the United States Supreme Court to review."); *United States v. May*, No. CR 09-20482, 2015 WL 5692736, at *2 (E.D. Mich. Sept. 25, 2015) (citing *United States v. Goward*, 719 F. Supp. 2d 792, 794 (E.D. Mich. 2010), and *United States v. Sylvester*, 258 Fed.Appx. 411, 412 (3d Cir. 2007)); *Salley v. Stevenson*, No. 8:07-2763-HMH-BHH, 2008 WL 2307356, at *4 (D.S.C. May 30, 2008).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

**MEMORANDUM DECISION AND ORDER - 3**

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

### 2. Discussion

Petitioner completed a Guilty Plea Advisory Form (State's Lodging A-5 at 1243-52) and entered a plea agreement in his state criminal case. *Id*. at 1232-42. In exchange for the State's agreement to withdraw its notice to seek the death penalty and dismiss a burglary charge, Petitioner pleaded guilty to first-degree murder (Count I), eight counts of aggravated battery (Counts II through IX), two counts of aggravated assault (Counts XI and XII), use of a deadly weapon during the commission of a felony (Count XIII), and being a persistent violator of the law. *Id.* at 1231-32. The parties also stipulated to a sentence of fixed life without the possibility of parole for first degree murder (Count I), and that Petitioner would waive his right to appeal. *Id*. at 1239. The judgment was entered on July 10, 2021. *Id*. at 1299.

Despite having waived his right to appeal (*id*. at 1239), Petitioner filed a timely pro se notice of appeal on July 22, 2021 (*id*. at 1311-14) that was amended with the assistance of counsel. *Id*. at 1344-59. After Petitioner was appointed new counsel, he filed a motion for voluntary dismissal of his appeal with prejudice, which was granted on April 20, 2022. State's Lodgings B-1, B-2.

**MEMORANDUM DECISION AND ORDER - 4**

On November 25, 2024, more than two years after his direct appeal was dismissed, Petitioner filed his pro se federal Petition for Writ of Habeas Corpus. Dkt. 4 at 2. Without grounds for statutory or equitable tolling, the Petition is untimely and subject to dismissal with prejudice.

Petitioner has produced a dual motion to withdraw plea (which would have been filed in Petitioner's state criminal case, and a post-conviction petition (which would have been filed in a new state case) that he submitted to Florida prison officials for filing. Dkt. 21-1. The stamp on the document shows that Florida officials accepted the document for filing on "8/3/22." *Id*.

Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996) ("We hold that the mailbox rule applies for purposes of pro se inmates filing petitions for post-conviction relief.").

Given that the direct appeal concluded on April 20, 2022, the post-conviction petition, with a "mailbox rule" filing date of August 3, 2022, would be within the one-year statute of limitations for the filing of state post-conviction actions, *see* I.C. § 19-4902, and therefore could have tolled the federal statute of limitations. The petition remains unadjudicated.

**MEMORANDUM DECISION AND ORDER - 5**

Respondent argues that the fact that the document is not on Petitioner's legal postage log means that it was never sent to the Idaho state court. *See* Dkt. 27-1 at 2. However, not enough is known about how the Florida prison legal mail log functions to know whether the document—stamped by prison officials showing their receipt—is absent from the log due to Petitioner's fault or prison officials' fault. Similarly, the fact that the Idaho state court never opened a post-conviction case may be due to Florida prison officials never transmitting the petition to the court. Not enough is known about the legal document submission and transmittal system in the Florida prison system. This Court concludes these questions are best answered in state court.

   **Accordingly, IT IS ORDERED**:

1. Within 30 days, Petitioner must file a supplement to his Petition clarifying the facts supporting his Fourteenth Amendment claim.

2. The Clerk of Court shall stay this case pending conclusion of Petitioner's efforts in state court to have a motion to withdraw his guilty plea docketed in his state criminal case and a post-conviction case opened nunc pro tunc (a retroactive correction) to August 3, 2022, and adjudicated.

3. This Order must not be construed as this Court's opinion on which outcome should occur in state court; that is for the state courts to decide. However, Petitioner may attach a copy of this Order to his state court filing to show the history of this claim.

**MEMORANDUM DECISION AND ORDER - 6**

4. Respondents' Motion for Summary Dismissal (Dkt. 16) is DENIED without prejudice.

5. If Petitioner does not obtain relief in state court, then, within 60 days after Petitioner's state post-conviction action becomes final, the parties shall file a motion to re-open this case.

DATED: February 23, 2026

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**